### UNITED STATES of America, Plaintiff–Appellee,

v.

### Abraham HOLLEY, Defendant–Appellant.

### No. 06–30092.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 19, 2007.

Helen J. Brunner, Esq., Carl H. Blackstone, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jerome Kuh, Esq., Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Judge, Presiding. D.C. No. CR–03–05311–FDB.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Abraham Holley appeals from the 59–month sentence imposed following remand under *United States v. Ameline*, 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Holley contends that the district court erred in applying a two-level enhancement, pursuant to United States Sentencing Guidelines § 3C1.2, for reckless endangerment during flight. We disagree. The record shows that Holley resisted arrest and attempted to flee by driving erratically, at high speed, and on the wrong side of the road. Based on these facts, we cannot say that the district court clearly erred in applying the § 3C1.2 enhancement. *See United States v. Reyes–Oseguera*, 106 F.3d 1481, 1483–84 (9th Cir.1997) (reviewing for clear error the district court's factual determination that defendant's conduct constituted reckless endangerment under § 3C1.2 and holding that the adjustment is proper if the defendant's behavior while resisting arrest recklessly creates a substantial risk to a law enforcement officer or other persons).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).